UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL SLY,

        Petitioner,                      Case Number: 17-10038
                                                    HON. SEAN F. COX

v.

ANTHONY STEWART,

        Respondent.
                                         /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY
PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

      Petitioner April Sly, a Michigan state prisoner currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  She challenges the sentence imposed for her conviction for manslaughter with a motor vehicle on the grounds that her offense variables were incorrectly scored and that her attorney was ineffective in failing to raise a meritorious objection to the scoring.  Also before the Court is Petitioner's Motion to Stay and Abey Habeas Corpus.  The Court grants the motion and administratively closes this matter.

      Petitioner seeks a stay to allow her to raise claims in state court related to the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (2015), and the Michigan Court of Appeals' decision in *People v. Steanhouse*, 880 N.W.2d 297 (Mich. Ct. App. 2015).  The doctrine of exhaustion of state remedies requires state

prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). "Exhaustion requires 'fair presentation' of the federal claim 'to the state courts, including the state court of appeals and the state supreme court.'" *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015), *quoting Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner concedes that she has not yet raised her *Lockridge-* and *Steanhouse-*related claims in state court. A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing court's discretion to stay and establishing criteria for stay). A stay may be granted when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278 (*citing Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

The Court finds that a stay is warranted in this case. First, the dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), of which only a handful of days remains. Second, the Court finds that Petitioner has good cause for failing to exhaust her claims because the *Lockridge* and *Steanhouse* cases were decided

relatively recently. Third, the state court's disposition of these claims may moot the claims raised in this petition. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for her unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's "Motion to Stay and Abey Habeas Corpus" (ECF No. 2).

The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within **sixty days** of the filing date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on Petitioner's return to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number included at the top of this Order, within **sixty days** of fully exhausting her state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay). This case is **CLOSED** for administrative purposes pending compliance with the conditions set forth in this Order.

**SO ORDERED**.

Dated:  February 15, 2017          s/Sean F. Cox
                                                               Sean F. Cox
                                                               U. S. District Judge

I hereby certify that on February 15, 2017, the foregoing document was served on counsel of record via electronic means and upon April Sly via First Class mail at the address below:

April Marie Sly
870461
HURON VALLEY COMPLEX - WOMENS
3201 BEMIS ROAD
YPSILANTI, MI 48197

                                                                           s/J. McCoy
                                                                           Case Manager